BARBARA A. BLACKBURN, Bar No. 253731
bblackburn@littler.com
NATHANIEL JENKINS, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone:    916.830.7200
Fax No.:        916.561.0828

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH DURON, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION** |
| v. | |
| UNITED PARCEL SERVICE, INC., an Ohio Corporation and DOES 1-50, inclusive, | [28 U.S.C. §§ 1331, 1332, 1441, 1446] |
| Defendants. | Trial Date: N/A<br>Complaint Filed: June 24, 2020 |

NOTICE TO FEDERAL COURT OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF RALPH DURON AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc. ("Defendant" or "UPS"), hereby removes the above-captioned action from Alameda County Superior Court in the State of California to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## I. STATEMENT OF JURISDICTION

1. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331. Section 1331 confers original jurisdiction on the federal district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." As set forth below, this case meets all of section 1331's requirements for removal because certain of the claims for relief in Plaintiff's Complaint are founded upon federal law, *e.g.*, the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. (Compl., ¶¶ 97-112.)

2. This Court also has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

3. On June 24, 2020, Plaintiff Ralph Duron ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") against Defendant "United Parcel Service, Inc., an Ohio corporation; and Does 1-50, inclusive," in Alameda County Superior Court: *Ralph Duron, an individual, versus United Parcel Service, Inc., an Ohio Corporation; and Does 1-50, inclusive,* Case No. HG20065863 (the "State Court Action"). The Complaint asserts the following causes of action: (1) disability discrimination, in violation of the Fair Employment and Housing Act, CAL. GOV'T CODE § 12940, *et seq.* ("FEHA"); (2) failure to accommodate, in violation of FEHA; (3) failure to engage in the interactive process, in violation of FEHA; (4) retaliation, in violation of FEHA; (5) failure to prevent

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL

2.

1  discrimination and retaliation, in violation of FEHA; (6) violation of Cal. Labor Code § 1102.5, *et*
2  *seq.*; (7) violation of Cal. Labor Code § 6310; (8) violation of Cal. Labor Code § 98.6, *et seq.*; (9)
3  interference in violation of the California Family Rights Act ("CFRA"); (10) retaliation in violation
4  of CFRA; (11) interference with Family and Medical Leave Act ("FMLA") rights; (12) retaliation
5  under the FMLA; and (13) wrongful termination in violation of public policy.

6      4.    On July 17, 2020, Plaintiff served Defendant with the Summons and Complaint.
7  (Declaration of Nathaniel H. Jenkins ("Jenkins Decl.") ¶ 2 & Exh. A.)

8      5.    On August 13, 2020, Defendant filed an Answer in the form of a general denial and
9  affirmative defenses to the Complaint in Alameda County Superior Court. (Jenkins Decl. ¶ 3 & Exh.
10 B.)

11     6.    Pursuant to 28 U.S.C. § 1446(d), Exhibits A and B constitute all process, pleadings,
12 and orders filed in the State Court Action. (Jenkins Decl. ¶¶ 4-5.) To Defendant's knowledge, no
13 other process, pleadings, or orders related to this case have been filed or served by any party in the
14 State Court Action. (*Id.*)

15     7.    To Defendant's knowledge, no proceedings related hereto have been heard in the
16 State Court Action and no other parties have been named or served with the Summons and
17 Complaint in the State Court Action. (*Id.* at ¶¶ 5-6.)

**III.   TIMELINESS OF REMOVAL**

8. This Notice of Removal is timely filed as it is filed within thirty (30) days of July 17, 2020, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

**IV.   FEDERAL QUESTION JURISDICTION**

9. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. Section 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. This is a civil action, which arises out of Plaintiff's employment with Defendant, in which Plaintiff expressly alleges two claims for relief under the federal Family and Medical Leave Act ("FMLA"). Plaintiff alleges that Defendant interfered with his FMLA rights and then retaliated

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL     3.

against him for taking leave, in violation of FMLA. The FMLA is a federal statute that entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave. *See* 29 U.S.C. § 2601, *et seq.* As such, this Court has original jurisdiction under Section 1331 of this case as "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal jurisdiction exists when federal question presented on face of plaintiff's complaint).

11. Supplemental jurisdiction exists over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367. In any civil action in which this Court has original jurisdiction, it also has supplemental jurisdiction under 28 U.S.C. section 1367(a) over all state claims that are so related to the claims in the action within its original jurisdiction that they form part of the same controversy. Here, Plaintiff's other causes of action are based on the same factual allegations that Plaintiff relies on to support Plaintiff's claims for FMLA violations. In other words, the state law claims are based on the same facts, events, transactions, and occurrences as the FMLA claim, such that they are so related to that claim as to form part of the same case or controversy. *See* 28 U.S.C. § 1367. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## V.   DIVERSITY JURISDICTION

12. This Court also has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A.   Diversity of Citizenship

13. <u>Plaintiff is a Citizen of California.</u> For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL

4.

14. At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. Although not plead in his Complaint, Defendant's last known address on file for Plaintiff is in Hayward, California. (*See* Declaration of Michael Dunn ("Dunn Decl.") ¶ 7; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

15. <u>Defendant is NOT a Citizen of California.</u> Defendant United Parcel Service, Inc. is a corporation organized and existing under the laws of the state of Ohio. (Compl., ¶ 2; Dunn Decl. ¶ 2.) It is well settled that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16. With regard to the corporate citizenship analysis, the United States Supreme Court has made clear that a single, uniform test – the "nerve center" test – shall be applied in determining a corporation's "principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *Id.* In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.* at 95.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL

5.

17. Applying the above analysis, the principal place of business, or "nerve center" of Defendant United Parcel Service, Inc. is located in Atlanta, Georgia. Defendant has at all times had its principal place of business and headquarters in Atlanta, Georgia. (Dunn Decl. ¶ 2.) Defendant's high level officers direct, control, and coordinate the Company's corporate and business activities from Atlanta, Georgia. (Dunn Decl. ¶ 2.) Accordingly, Defendant United Parcel Service, Inc. is not a citizen of California, but rather is a citizen of the States of Ohio and Georgia for purposes of determining diversity of citizenship.

18. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

19. Therefore, since Defendant is not a citizen of the forum State, *i.e.*, California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**B.    Amount in Controversy**

20. Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553. Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL

6.

21. Plaintiff contends that he "has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial." (Compl., ¶¶ 23, 31, 37, 38, 44, 45, 52, 62, 69, 85, 93, 102, 110, 116.) Plaintiff's employment with UPS was terminated on July 2, 2019. (Dunn Decl., ¶¶ 4-5). As of that date, Plaintiff earned a pay rate of $37.19 per hour in his position of Package Driver. (*Id*.) During 2019, prior to his leave of absence, Plaintiff worked an average of approximately 40 hours per week. (*Id.* at ¶ 6.) Assuming that Plaintiff would have continued to work an average of 40 hours per week, and conservatively estimating that this case will go to trial in June 2021, or one year from the date Plaintiff filed his Complaint, back pay would be calculated at **$154,710.40** ($37.19/hr. x 40 hours/week x 104 weeks). Consequently, even just considering backpay, Plaintiff's alleged damages far exceed the $75,000 threshold.

22. As set forth above, Plaintiff is also seeking general damages for "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms." (Compl. ¶¶ 24, 31, 38, 44, 53, 86, 94, 117, and Prayer for Relief, ¶ 1.) These claims further augment his claim for lost wages. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL

7.

1   without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least **$25,000** to the amount in controversy, if not more.

23. Plaintiff also seeks punitive damages in connection with his allegations. (Compl., ¶¶ 26, 33, 40, 47, 55, 64, 71, 88, 96, 118, and Prayer for Relief, ¶ 4.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons,* 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

24. Finally, Plaintiff seeks attorneys' fees in connection with his claims. (Compl., ¶¶ 25, 32, 39, 46, 54, 65, 73, 80, 87, 95, 104, 112, and Prayer for Relief ¶ 3.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL

8.

award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady,* 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons,* 209 F. Supp. 2d at 1034.

25. Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc*., 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in a FEHA case where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

26. Plaintiff also seeks such open-ended relief "[f]or such other relief [that] the Court may deem just and proper." (Prayer for Relief ¶ 12.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

27. In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, in addition to

NOTICE TO FEDERAL COURT OF REMOVAL 9.

federal question jurisdiction under 28 U.S.C. § 1331, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI. VENUE

28. Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Alameda.

## VII. NOTICE OF REMOVAL

29. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Timothy J. Gonzales and D. Aaron Brock, Brock & Gonzales, LLP, 6701 Center Drive West, Suite 610, Los Angeles, California 90045. (Jenkins Decl. ¶ 7.) In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda. (*Id*.)

WHEREFORE, Defendant United Parcel Service, Inc. prays that the Court remove this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: August 14, 2020

/s/ Nathaniel H. Jenkins
BARBARA A. BLACKBURN
NATHANIEL JENKINS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

4827-6857-0054.1 101661.1028

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL    10.